M. Jonathan Hayes (Bar No. 90388)
Of Counsel
**SIMON RESNIK HAYES LLP**
15233 Ventura Blvd., Suite 250
Sherman Oaks, CA 91403
**Telephone:** (818) 783-6251
**Facsimile:** (818) 827-4919
jhayes@SRHLawFirm.com

*Attorneys for Debtor*
Samuel James Esworthy

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No.  1:16-bk-11985-MT |
| | ) |
| | ) Chapter 11 |
| SAMUEL JAMES ESWORTHY, | ) |
| | ) |
| Debtor. | ) **DEBTOR'S CHAPTER 11 PLAN OF** |
| | ) **REORGANIZATION** |
| | ) |
| | ) ***Hearing on Adequacy of Disclosure*** |
| | ) ***Statement:*** |
| | ) |
| | ) Date:  March 22, 2017 |
| | ) Time: 9:30 a.m. |
| | ) Place: Courtroom 302 |
| | )          21041 Burbank Boulevard |
| | )          Woodland Hills, CA 91367 |
| | ) |
| | ) |
| | ) |
| | ) |

///

///

///

///

///

**SIMON RESNIK**
**HAYES LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Contents

I.     INTRODUCTION ................................................................................................ 4

II.    INTERPRETATIONS AND RULES OF CONSTRUCTION ............................ 4

       Interpretation, Computation of Time and Governing Law ........................................ 4

       Rules of Interpretation .............................................................................................. 4

       Time Periods. ............................................................................................................ 5

       Section Numbers ....................................................................................................... 5

III.   CLASSIFICATION AND TREATMENT OF CLAIMS AND
       INTERESTS ...................................................................................................... 5

       A.    General Overview ............................................................................................ 5

       B.    Unclassified Claims ........................................................................................ 6

       C.    ADMINISTRATIVE EXPENSES ................................................................... 6

       D.    PRIORITY TAX CLAIMS .............................................................................. 7

       E.    CLASSIFIED CLAIMS AND INTERESTS - SUMMARY ......................... 8

       F.    CLASSIFIED CLAIMS AND INTERESTS ................................................... 9

       G.    Means of Performing the Plan ...................................................................... 18

             i.     Funding for the Plan ........................................................................... 18

             ii.    Management of the Reorganized Debtor ............................................ 18

             iii.   Disbursing Agent ................................................................................ 19

             iv.    Distributions ....................................................................................... 19

E.     TREATMENT OF MISCELLANEOUS ITEMS .......................................... 19

       a)    Executory Contracts and Unexpired Leases ................................................. 19

             1)     Assumptions ........................................................................................ 19

             **2)     Rejections** .......................................................................................... 19

       b)    Regulatory Commission Approval ................................................................ 20

       c)    Retention of Jurisdiction ............................................................................... 20

F.     EFFECT OF CONFIRMATION OF PLAN .................................................. 20

SIMON RESNIK
HAYES LLP

1.  Discharge ................................................................................................. 20

2.  Revesting of Property in Debtor ................................................................ 21

3.  Modification of Plan .................................................................................. 21

4.  DEFAULT .................................................................................................. 21

5.  Post-confirmation status report ................................................................ 22

6.  Quarterly Fees .......................................................................................... 22

7.  Post-Confirmation Employment ................................................................ 22

8.  Post-Confirmation Conversion/Dismissal ................................................ 22

9.  Final Decree .............................................................................................. 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SIMON RESNIK**
**HAYES LLP**

## I.    **INTRODUCTION**

Samuel James Esworthy ("the Debtor"), Debtor-in-Possession in the above-referenced Chapter 11 case, commenced his bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on July 8, 2016.  He is hereinafter referred to as the "Debtor."

Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a plan of reorganization. The Chapter 11 plan of reorganization may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  *The Debtor is the proponent (the "Proponent") of this Chapter 11 Plan of Reorganization* (the "Plan").

In summary, this Plan provides for payment to holders of allowed claims.  The timing of Plan payments to particular creditor groups will depend upon their classification under the Plan.  <u>The Effective Date of the Plan shall be the first Business Day that is fourteen (14) calendar days after entry of the confirmation order, with payments beginning on the first day of the following month.</u>

A DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION (hereinafter the "Disclosure Statement") also accompanies this Plan. The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan.

The following are the specific provisions of the Plan.

## II.    **INTERPRETATIONS AND RULES OF CONSTRUCTION**

**INTERPRETATION, COMPUTATION OF TIME AND GOVERNING LAW**

**RULES OF INTERPRETATION**

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to a contract, instrument, release or other agreement or

**SIMON RESNIK
HAYES LLP**

document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any references in the Plan to an existing document or Exhibit Filed or to be Filed means such document or Exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; and (g) the rules of construction set forth in §102 of the Bankruptcy Code shall apply.

## TIME PERIODS.

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

## SECTION NUMBERS.

References in this Plan and the Disclosure Statement to a code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

## III.   CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.   GENERAL OVERVIEW

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests.  The Plan designates which classes are impaired and which classes are unimpaired.  The Plan also describes the treatment each class will receive under the Plan. The Proponents will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. §1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and

SIMON RESNIK
HAYES LLP

if the Plan can otherwise be confirmed, notwithstanding the lack of acceptance by the Shareholders.

## B. UNCLASSIFIED CLAIMS

Certain types of claims are not placed into voting classes; instead, they are unclassified.  Holders of unclassified claims not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan.

## C. ADMINISTRATIVE EXPENSES

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code §507(a)(1).  The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.  The following is an estimate of the §507(a)(1) administrative claims that will be incurred and unpaid through the Effective Date of the Plan and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Simon Resnik Hayes LLP ("SRH") [Attorney for the Debtor] | $30,000 - estimated to be owed on the Effective Date. This amount is net of the initial retainer paid to SRH of $20,000. | SRH has agreed to accept $10,000 up front and monthly payments until the fees are paid in full, once the fees are approved by the Court, unless the Debtor is able to pay the fees from other sources.<br><br>In the event there is a default by Debtor in his payment of fees to SRH. The firm will give him notice of the default by electronic mail and advise him that he has ten (10) days to cure the default.<br><br>If Debtor does not cure within that time period, SRH will be permitted to accelerate the |

| | | balance due at the time and enforce the order of this Court approving the fees by whatever means are available to it including the costs and expenses related to the recording of the order and costs of collection. SRH shall not be required to get any further approval of this Court for payments related to outstanding fees.

SRH and Debtor are permitted to communicate and agree to payment of SRH's administrative claim on an expedited basis, if the ability to pay arises. |
| Clerk's Office Fees | $0 (estimated) | Paid when due. |
| Office of the U.S. Trustee Fees | $325 - $650 per quarter (estimated) | Quarterly fees, as required by 28 U.S.C. §1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |
| TOTAL | $30,000 | |

## Court Approval of Fees Required

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court.

Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

### D. PRIORITY TAX CLAIMS

Priority tax claims are certain unsecured income, employment and other taxes described by §507(a)(8). The Code requires that each holder of such a §507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the petition date. The Debtor does not believe that he has any priority creditors. He is in the process of preparing tax returns which he expects to confirm that. Should there be any priority taxes owed by the Debtor, he will pay those in full in monthly installments with interest at the governmental rate over a five year period beginning from the petition date.

SIMON RESNIK
HAYES LLP

## E. **CLASSIFIED CLAIMS AND INTERESTS - SUMMARY**

|  |  |
|---|---|
| Class 1 – Wells Fargo Bank Renault Property | Paid $320,000, $1,718 per month, 5% interest fixed |
| Class 2 – Wells Fargo Bank Weidner Property | Paid $325,000, $1,745 per month, 5% interest fixed |
| Class 3 – SPS, Delano Property | Paid $285,000, $1,530 per month, 5% interest fixed |
| Class 4 – Nationstar, Millbury Property | Paid in full, $1,523 per month, 5% interest fixed |
| Class 5 – Nationstar, Ben Ave. Property | Paid in full, $1,521 per month, 5% interest fixed |
| Class 6 – Wells Fargo Bank, Maclaren Property | Paid $225,000, $1,208 per month, 5% interest fixed |
| Class 7 – Wells Fargo Bank, Inyo Property | Paid $225,000, $1,208 per month, 5% interest fixed |
| Class 8 – Los Angeles County Property Taxes | Paid in full over 5 years from petition date |
| Class 9 – Unsecured creditors | Paid $60,000 over five years or approx. 14% of unsecured claims |

A list of all creditors of this estate is attached to the Disclosure Statement as **Exhibit "D."**

SIMON RESNIK
HAYES LLP

## F. CLASSIFIED CLAIMS AND INTERESTS

### Class 1

Secured claim of: Wells Fargo Bank

Property address or description of collateral: 18343 Renault Street, La Puente, CA 91733.  This is the Debtor's residential rental property. The property is occupied by Gloria Nava, who pays $1,725 per month, on a month-to-month basis.  The Debtor values this property at $320,000 (per Appraisal dated 12/3/2016)

Priority of lien: First deed of trust.

Total amount of claim: $355,107.50 (per MFR)

IMPAIRED and entitled to vote

Interest rate: 5% fixed

Monthly payment: $1,718.00

First payment date:  Payments will begin by the first day of the month following the Effective Date, believed to be July 1, 2017.

Treatment:  The Debtor will pay the allowed secured portion of this claim in full or $320,000.  Debtor will continue to pay the monthly adequate protection payment of $1,483.00 until the Effective Date or upon further Order of the Court.  WFB will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release

its deed of trust or other lien in conjunction with such transaction without further order of this Court.

The balance of the amount owed by the Debtor to Wells Fargo on its Class 1 claim will be treated as unsecured and paid with the unsecured class.

**Class 2**

Secured claim of: Wells Fargo Bank

Property address or description of collateral: 13038 Weidner Street, Pacoima, CA 91331.  This is the Debtor's residential rental property. The property was occupied during the previous case but the tenants stopped paying the rent because the bank told them that the Debtor no longer owned the property.  The Debtor values the property at $325,000 based on his recent appraisal and motion to value the property, now set for March 1, 2017.

Priority of lien: First deed of trust.

Total amount of claim: $404,685 (per proof of claim No. 6)

IMPAIRED

Interest rate: 5% fixed

Monthly payment: $1,745.00

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be July 1, 2017.

Treatment: The Debtor will pay Wells Fargo Bank $325,000, amortized at 5% over 30 years.  Debtor will continue to pay the monthly adequate protection payment of $1,354.00 until the Effective Date or upon further Order of the Court.  WFB will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or

**SIMON RESNIK
HAYES LLP**

his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

The balance of the amount owed by the Debtor to Wells Fargo on its Class 2 claim will be treated as unsecured and paid with the unsecured class.

**Class 3**

Secured claim of: Select Portfolio Services (Bank of America and/or Bank of NY Mellon)

Property address or description of collateral: 14817 Delano Street, Van Nuys, CA 91402.  This is the Debtor's residential rental property. The property is occupied by Juan and Adela Quevado, who pay $1,500 per month, on a month-to-month basis.  The Debtor values this property at $285,000.

Priority of lien: First deed of trust.

Total amount of claim: $313,146 (per proof of claim No. 10)

IMPAIRED

Interest rate: 5% fixed

Monthly payment: $1,530.00

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be July 1, 2017.

Treatment: The Debtor will pay SPS $285,000, amortized at 5.25% over 30 years. Debtor will continue to pay the monthly adequate protection payment of $2,473.44 until the Effective Date or upon further Order of the Court.  SPS will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

SIMON RESNIK
HAYES LLP

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

The balance of the amount owed by the Debtor to SPS on its Class 3 claim will be treated as unsecured and paid with the unsecured class.

**Class 4**

Secured claim of: Nationstar/US Bank

Property address or description of collateral: 3768 Millbury Ave., Baldwin Park, CA 91706.  This is the Debtor's residential rental property.  The property is occupied by Juan Sanchez and Sylvia Rodriguez, who pay $1,500 per month, on a month-to-month basis.  The Debtor values this property at $308,000 based on an appraisal dated December 3, 2016.

Priority of lien: First deed of trust.

Total amount of claim: $283,669 (per proof of claim No. 7)

IMPAIRED

Interest rate: 5% fixed

Monthly payment: $1,523.00

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be July 1, 2017.

Treatment: The Debtor will pay Nationstar in full amortized at 5% over 30 years. Debtor will continue to pay the monthly adequate protection payment of $1,190.00 until the Effective Date or upon further Order of the Court.  Nationstar will retain its lien until

SIMON RESNIK
HAYES LLP

the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

**Class 5**

Secured claim of: Nationstar/US Bank

Property address or description of collateral: 7738 Ben Ave, North Hollywood, CA 91605.  This is the Debtor's residential rental property. The property is occupied by Mason and Rachel Harrison, who pay $1,650 per month.  The Debtor values this property at $315,000 based on an appraisal dated December 3, 2016.

Priority of lien: First deed of trust.

Total amount of claim: $302,036 (per proof of claim No. 5)

IMPAIRED

Interest rate: 5% fixed

Monthly payment: $1,621.00

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be July 1, 2017.

Treatment: The Debtor will pay Nationstar in full, amortized at 5% over 30 years. Debtor will continue to pay the monthly adequate protection payment of $1,450.00 until the Effective Date or upon further Order of the Court.  Nationstar will retain its lien until

SIMON RESNIK
HAYES LLP

the secured claim is paid in full. The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.  No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

**Class 6**

Secured claim of: Wells Fargo Bank

Property address or description of collateral: 16920 Maclaren Street,La Puente, CA 91744.  This is the Debtor's residential rental property.  The property is currently vacant but the Debtor believes that he can have it rented for $2,000 by May 1, 2017.  The Debtor believes the cost to remediate the property will be about $20,000.  The Debtor values this property at $225,000 based on a recent appraisal and the Debtor's motion to value now set for March 1, 2017.

Priority of lien: First deed of trust.

Total amount of claim: $336,592 (per proof of claim No. 11)

IMPAIRED

Interest rate: 5% fixed

Monthly payment: $1,208.00

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be July 1, 2017.

Treatment: The Debtor will pay WFB $225,000, amortized at 5.25% over 30 years.

SIMON RESNIK
HAYES LLP

Debtor will continue to pay the monthly adequate protection payment of $937.00 until the Effective Date or upon further Order of the Court.  The Debtor will pay all property insurance and taxes.  WFB will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

The balance of the amount owed by the Debtor to WFB its Class 6 claim will be treated as unsecured and paid with the unsecured class.  The Debtor intends to object to the Class 6 claim of WFB on the basis of damage that it or its agents did to the property after the Plan was confirmed in the last case by while the case was still pending.

**Class 7**

Secured claim of: Wells Fargo Bank

Property address or description of collateral: 16442 Inyo Street, La Puente, CA 91744.  This is the Debtor's residential rental property.  The property is currently vacant but the Debtor believes that he can have it rented for $1,500 by June 1, 2017.  The Debtor believes the cost to remediate the property will be about $20,000.  The Debtor values this property at $225,000 based on a recent appraisal and the Debtor's motion to value now set for March 1, 2017.

Priority of lien: First deed of trust.

SIMON RESNIK
HAYES LLP

Total amount of claim: $349,805 (per proof of claim No. 8)

IMPAIRED

Interest rate: 5% fixed

Monthly payment: $1,208

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be July 1, 2017.

Treatment: The Debtor will pay WFB $225,000, amortized at 5.25% over 30 years. Debtor will continue to pay the monthly adequate protection payment of $937.00 until the Effective Date or upon further Order of the Court.  The Debtor will pay all property insurance and taxes.  WFB will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

The balance of the amount owed by the Debtor to WFB its Class 7 claim will be treated as unsecured and paid with the unsecured class.  The Debtor intends to object to the Class 7 claim of WFB on the basis of damage that it or its agents did to the property after the Plan was confirmed in the last case but while the case was still pending.

**Class 8**

Secured claims of:  Los Angeles County Tax Collector

SIMON RESNIK
HAYES LLP

Property address or description of collateral: Properties located in Los Angeles County

Priority of lien: property taxes

Total amount of claim: $31,790 (per Proof of Claim No. 2)

UNIMPAIRED

Interest rate: per statute

Monthly payment: N/A

First payment date:  N/A

Treatment:  The property taxes on the Debtor's properties in Los Angeles County are current.  He will continue to pay the claims as they come due in the ordinary course. Most if not all of the property taxes are paid from escrow accounts held by the various mortgage companies and or servicers.  If any property taxes are otherwise owed by the Debtor, he will pay those in full in monthly installments plus interest at the governmental rate over a 60 month period beginning with the petition date.

**Class 9**

Unsecured Creditors

The Debtor' unsecured creditors total approximately $437,327.  This includes the unsecured portions of the secured claims as follows:

| Class 1, Renault | Wells Fargo Bank | 36,724 |
| Class 2, Weidner | Wells Fargo Bank | 79,685 |
| Class 3, Delano | SPS | 28,146 |
| Class 6, Maclaren | Wells Fargo Bank | 111,592 |
| Class 7, Inyo | Wells Fargo Bank | 124,805 |
| Total | | 380,952 |

SIMON RESNIK
HAYES LLP

Upon entry of the discharge, the claims of each of the creditors addressed in Classes 1 through 7 shall be reduced to the respective amount detailed in that particular Class' treatment above.  The Order Granting Discharge shall include this language and may be recorded at the County Recorder's Office by the Debtor.

The unsecured class will be paid $60,000 over 60 months beginning on the Effective Date.

If the Debtor can sell or refinance his home (the Kester property) at any time during the life of the Plan, he will pay the unsecured class any unpaid amount up to $60,000, and seek an early discharge of his debt from the Bankruptcy Court.

**Class 10:** Debtor's Interest

The Debtor will retain his interest in his property.

## G. MEANS OF PERFORMING THE PLAN

### i.  Funding for the Plan

The Debtor will fund the Plan from his rental and his employment income.  See the projections and analysis attached to the Disclosure Statement as **Exhibit "B."**

### ii.  Management of the Reorganized Debtor

1)      Identity:  The Debtor.

2)      Post-confirmation Managerial duties: The Debtor will continue to manage his affairs.

3)      Amount of compensation paid pre-petition and to be paid post-confirmation: The Debtor reserves the right to modify his living expenses and to invest sufficient funds into his rental properties to ensure the rental properties at least break-even and to invest in necessary goods and operating expenses for his business to break-even and thrive while making his Chapter 11 plan payments.

4)      Description of expertise:  The Debtor ably managed his businesses prior to

SIMON RESNIK
HAYES LLP

the national economic depression, credit availability and real estate crises that have impacted his earnings.

### iii.  Disbursing Agent

Debtor shall act as the disbursing agent for the purpose of making the distributions to all classes provided for under the Plan.  He shall not be compensated.

### iv.  Distributions

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank selected by the Disbursing Agent.

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be revested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred.

## E.  **TREATMENT OF MISCELLANEOUS ITEMS**

## A)  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

### 1)  **Assumptions**

The Debtor will assume all of the leases he has with his tenants.  Debtor reserves the right to modify the Plan to designate additional contracts or leases to be assumed or to be rejected at any time prior to the hearing on Confirmation of the Plan.  On the Effective Date, each of the unexpired leases and executory contracts so designated shall be assumed as obligations of the Debtor.  The Confirmation Order shall constitute an Order approving the assumption of each lease and contract.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, or contend that there are arrearages, you must file and serve your objection to the Plan, and set forth the arrearages within the deadline for objecting to the confirmation of the Plan.

### 2)  **Rejections**

Any unexpired lease or executory contract not expressly rejected shall be deemed

assumed as of the Effective Date.  The Debtor reserves the right to modify the Plan to designate certain contracts or leases for rejection at any time prior to the hearing on confirmation of the Plan.

The order confirming the Plan shall constitute an order approving the rejection of such leases and contracts.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY DAYS AFTER THE EFFECTIVE DATE.  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B) REGULATORY COMMISSION APPROVAL**

Not applicable, Debtor is an individual.

**C) RETENTION OF JURISDICTION.**

The Court will retain jurisdiction over this bankruptcy case until a final decree is entered by the Court.  It is estimated that the final decree will be entered approximately six (6) months after the Plan is confirmed by the Court.  At that time the bankruptcy case will be closed.

### F.  EFFECT OF CONFIRMATION OF PLAN

### 1. DISCHARGE

Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code.  However, any liability imposed by the Plan will not be discharged.

SIMON RESNIK
HAYES LLP

## 2. <u>REVESTING OF PROPERTY IN DEBTOR</u>

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

From and after the Effective Date, the Debtor may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and are free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Debtor's legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

## 3. <u>MODIFICATION OF PLAN</u>

Debtor may modify the Plan pursuant to 11 U.S.C. §1127.

## 4. <u>DEFAULT</u>

As those claimants whose claims are not agreed upon by the parties (i.e., memorialized in a plan treatment stipulation), if Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than twenty-one (21) days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default.  Debtor is in material default under the Plan if he fails within twenty-one (21) days of the service of such notice of default, plus three (3) additional days if served by mail, either; (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

**SIMON RESNIK
HAYES LLP**

### 5. **POST-CONFIRMATION STATUS REPORT**

Pursuant to Local Bankruptcy Rule 3020, within one hundred and twenty (120) days following the entry of the Plan Confirmation Order, a reorganized debtor is to file a status report with the Court explaining what progress has been made toward consummation of a confirmed plan.

Debtor shall do so *unless* the Court sets a post confirmation status conference, at which point he will instead file a post confirmation status report (which contains all the information required by LBR 3020) by the deadline set by the Court, or at least fourteen [14] days prior to the hearing if no deadline is specified.

### 6. **QUARTERLY FEES**

Reorganized Debtor shall be responsible for the timely payment of all fees incurred after the Effective Date pursuant to 28 U.S.C. § 1930(a)(6).

### 7. **POST-CONFIRMATION EMPLOYMENT**

After the entry of the order of confirmation of the Plan, Reorganized Debtor may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals (the "Post-confirmation Professionals") as he may desire to render services on such terms as he deems reasonable.  With respect to services rendered by the Post-confirmation Professionals, Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

### 8. **POST-CONFIRMATION CONVERSION/DISMISSAL**

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all

SIMON RESNIK
HAYES LLP

property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within one hundred and eighty (180) days after the entry of the order of confirmation.

## 9. **FINAL DECREE**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, Reorganized Debtor shall file a motion with the Court to obtain a final decree to close this case.

Dated: February 14, 2017            By:        /s/ Samuel James Esworthy
                                               _____
                                               Samuel James Esworthy
                                               *Debtor and Plan Proponent*

Dated: February 14, 2017            By:        **/s/ M. Jonathan Hayes**
                                               _____
                                               M. Jonathan Hayes
                                               *Attorneys for Plan Proponent*

SIMON RESNIK
HAYES LLP

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  **15233 Ventura Blvd., Suite 250, Sherman Oaks, CA 91403.**

A true and correct copy of the foregoing document entitled **DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **2/14/2017** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page.

- **Katherine Bunker    kate.bunker@usdoj.gov**
- **Oscar Estrada    oestrada@ttc.lacounty.gov**
- **Dane W Exnowski    dane.exnowski@buckleymadole.com, cabk@BuckleyMadole.com**
- **Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com**
- **M Jonathan Hayes    jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;jhayesecf@gmail.com**
- **John Rafferty    john.rafferty@buckleymadole.com**
- **Kelly M Raftery    bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com**
- **Cassandra J Richey    cmartin@pralc.com**
- **Brett P Ryan    bknotice@rcolegal.com**
- **Diana Torres-Brito    dtorres-brito@pralc.com, cmartin@pralc.com**
- **Edward A Treder    cdcaecf@bdfgroup.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**
- **Jennifer C Wong    bknotice@mccarthyholthus.com**

**II.  SERVED BY U.S. MAIL:** On **2/14/2017** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**Hon. Maureen A. Tighe**
**U.S. Bankruptcy Court**
**21041 Burbank Blvd., Suite 324**
**Woodland Hills, CA 91367**

Jim Esworthy
8526 Kester Ave.
Panorama City, CA 91402

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant

**SIMON RESNIK HAYES LLP**

1
to F.R.Civ.P. 5 and/or controlling LBR, on **2/14/2017** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge

2
here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

3
☐ Service information continued on attached page

4

5
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<u>2/14/2017</u>                    <u>**Ja'Nita Fisher**</u>                    <u>**/s/ Ja'Nita Fisher**</u>

6
*Date*                        *Type Name*                        *Signature*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIMON RESNIK
HAYES LLP**

**2
CHAPTER 11
PLAN OF REORGANIZATION**