M. Jonathan Hayes (Bar No. 90388)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
jhayes@rhmfirm.com

*Attorneys for Debtor*
Samuel James Esworthy

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:16-bk-11985-MT |
| | |
| SAMUEL JAMES ESWORTHY, | Chapter 11 |
| | |
| Debtor. | **DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |
| | |
| | ***Hearing on Adequacy of Disclosure Statement:*** |
| | |
| | Date: September 12, 2018 |
| | Time: 9:30 a.m. |
| | Place: Courtroom 302 |
| | 21041 Burbank Boulevard |
| | Woodland Hills, CA 91367 |

///

///

///

///

///

**RESNIK HAYES
MORADI LLP**

## Contents

I.      INTRODUCTION ................................................................................ 4

II.     INTERPRETATIONS AND RULES OF CONSTRUCTION ....................... 4

        Interpretation, Computation of Time and Governing Law ...................... 4

        Rules of Interpretation .......................................................................... 4

        Time Periods ......................................................................................... 5

        Section Numbers .................................................................................... 5

III.    CLASSIFICATION AND TREATMENT OF CLAIMS AND
        INTERESTS ..................................................................................... 5

        A.      General Overview ..................................................................... 5

        B.      Unclassified Claims .................................................................. 6

        C.      ADMINISTRATIVE EXPENSES .............................................. 6

        D.      PRIORITY TAX CLAIMS ........................................................ 7

        E.      CLASSIFIED CLAIMS AND INTERESTS - SUMMARY ......... 8

        F.      CLASSIFIED CLAIMS AND INTERESTS**Error! Bookmark not defined.**

        G.      Means of Performing the Plan .................................................. 17

                i.      Funding for the Plan ..................................................... 17

                ii.     Management of the Reorganized Debtor ......................... 18

                iii.    Disbursing Agent ......................................................... 18

                iv.     Distributions ............................................................... 18

E.      TREATMENT OF MISCELLANEOUS ITEMS ................................. 18

        a)      Executory Contracts and Unexpired Leases ............................ 18

                1)      Assumptions ................................................................ 18

                **2)      Rejections** ................................................................ 19

        b)      Regulatory Commission Approval ........................................... 19

        c)      Retention of Jurisdiction ......................................................... 19

F.      EFFECT OF CONFIRMATION OF PLAN ...................................... 20

RESNIK HAYES
MORADI LLP

1.    Discharge ........................................................................................... 20

2.    Revesting of Property in Debtor ........................................................ 20

3.    Modification of Plan .......................................................................... 20

4.    DEFAULT .......................................................................................... 21

5.    Post-confirmation status report ......................................................... 21

6.    Quarterly Fees ................................................................................... 21

7.    Post-Confirmation Employment ........................................................ 21

8.    Post-Confirmation Conversion/Dismissal ......................................... 22

9.    Final Decree ....................................................................................... 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESNIK HAYES**
**MORADI LLP**

## I. **INTRODUCTION**

Samuel James Esworthy ("the Debtor"), Debtor-in-Possession in the above-referenced Chapter 11 case, commenced his bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on July 8, 2016.  He is hereinafter referred to as the "Debtor."

Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a plan of reorganization. The Chapter 11 plan of reorganization may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  *The Debtor is the proponent (the "Proponent") of this Chapter 11 Plan of Reorganization* (the "Plan").

In summary, this Plan provides for payment to holders of allowed claims.  The timing of Plan payments to particular creditor groups will depend upon their classification under the Plan.  The Effective Date of the Plan shall be the first Business Day that is fourteen (14) calendar days after entry of the confirmation order, with payments beginning on the first day of the following month.

A DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF REORGANIZATION (hereinafter the "Disclosure Statement") also accompanies this Plan. The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan.

The following are the specific provisions of the Plan.

## II. **INTERPRETATIONS AND RULES OF CONSTRUCTION**

**INTERPRETATION, COMPUTATION OF TIME AND GOVERNING LAW**

**RULES OF INTERPRETATION**

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to a contract, instrument, release or other agreement or

**RESNIK HAYES
MORADI LLP**

4

document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any references in the Plan to an existing document or Exhibit Filed or to be Filed means such document or Exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; and (g) the rules of construction set forth in §102 of the Bankruptcy Code shall apply.

**TIME PERIODS.**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**SECTION NUMBERS.**

References in this Plan and the Disclosure Statement to a code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

**III.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

**A. GENERAL OVERVIEW**

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests.  The Plan designates which classes are impaired and which classes are unimpaired.  The Plan also describes the treatment each class will receive under the Plan. The Proponents will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. §1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and

if the Plan can otherwise be confirmed, notwithstanding the lack of acceptance by the Shareholders.

## B.  UNCLASSIFIED CLAIMS

Certain types of claims are not placed into voting classes; instead, they are unclassified.  Holders of unclassified claims not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan.

## C.  ADMINISTRATIVE EXPENSES

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case that are allowed under Bankruptcy Code §507(a)(1).  The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.  The following is an estimate of the §507(a)(1) administrative claims that will be incurred and unpaid through the Effective Date of the Plan and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| M. Jonathan Hayes, Resnik Hayes Moradi LLP ("RHM") (Attorney for the Debtor) | $45,000-50,000 - estimated to be owed on the Effective Date. ($38,000 approx is owed as of July 15, 2018) This amount is net of the initial retainer paid of $20,000. | RHM has agreed to accept $10,000 up front and monthly payments until the fees are paid in full, once the fees are approved by the Court, unless the Debtor is able to pay the fees from other sources.<br><br>In the event there is a default by Debtor in his payment of fees to RHM. The firm will give him notice of the default by electronic mail and advise him that he has ten (10) days to cure the default.<br><br>If Debtor does not cure within that time period, SRH will be permitted to accelerate the |

| | | |
|---|---|---|
| | | balance due at the time and enforce the order of this Court approving the fees by whatever means are available to it including the costs and expenses related to the recording of the order and costs of collection. RHM shall not be required to get any further approval of this Court for payments related to outstanding fees.<br><br>SRH and Debtor are permitted to communicate and agree to payment of SRH's administrative claim on an expedited basis, if the ability to pay arises. |
| Clerk's Office Fees | $0  (estimated | Paid when due |
| Office of the U.S. Trustee Fees | $325 - $650 per quarter (estimated) | Quarterly fees, as required by 28 U.S.C. §1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |
| TOTAL | $45,000 - $50,000 | |

## Court Approval of Fees Required

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court.

Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

### D. PRIORITY TAX CLAIMS

Priority tax claims are certain unsecured income, employment and other taxes described by §507(a)(8).  The Code requires that each holder of such a §507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the petition date.  The Debtor does not believe that he has any priority creditors.  Should there be any priority taxes owed by the Debtor, he will pay those in full in monthly installments with interest at the governmental rate over a five year period beginning from the petition date.

## E. CLASSIFIED CLAIMS AND INTERESTS - SUMMARY

### i. Summary of Treatment and Payment Amounts

|  |  |
|---|---|
| Class 1 – Wells Fargo Bank Renault Property | Paid in full, $356,724, $2,140 per month, 6% interest fixed |
| Class 2 – Wells Fargo Bank Weidner Property | Paid $340,000, $1,930 per month, 5.5% interest fixed |
| Class 3 – SPS, Delano Property | Paid $285,000, $1,530 per month, 5% interest fixed |
| Class 4 – Nationstar, Millbury Property | Paid in full, $1,523 per month, 5% interest fixed |
| Class 5 – Nationstar, Ben Ave. Property | Paid in full, $1,621 per month, 5.25% interest fixed |
| Class 6 – Wells Fargo Bank, Maclaren Property | Paid $225,000, $1,349 per month, 6.0% interest fixed |
| Class 7 – Fay Servicing, Inyo Property | Paid $315,000, $1,789 per month, 5.5% interest fixed |
| Class 8 – Los Angeles County Property Taxes | Paid in full over 5 years from petition date |
| Class 9 – Unsecured creditors | Paid $48,000 over four years or approx. 14% of unsecured claims |

A list of all creditors of this estate is attached to the Disclosure Statement as **Exhibit "D."**

RESNIK HAYES
MORADI LLP

## A. CLASSIFIED CLAIMS AND INTERESTS

**Class 1**

Secured claim of: Wells Fargo Bank

Property address or description of collateral: 18343 Renault Street, La Puente, CA 91733.  This is residential rental property. The property is occupied by Gloria Nava, who pays $1,725 per month, on a month-to-month basis.  The Debtor values this property at $360,000.

Priority of lien: First deed of trust.

Total amount of claim: $356,724 per proof of claim No. 3-1.

IMPAIRED and entitled to vote

Interest rate: 6% fixed

Monthly payment: $2,140.40

First payment date:  Payments will begin on November 1, 2018.

Treatment:  The Debtor will pay the claim in full.  WFB will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.  The terms of the Stipulation shall be incorporated into the Plan of Reorganization as if set forth in full.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

**Class 2**

Secured claim of: Wells Fargo Bank

Property address or description of collateral: 13038 Weidner Street, Pacoima, CA 91331.  This is the Debtor's residential rental property. The property was occupied during the previous case but the tenants stopped paying the rent.  The Debtor and Wells Fargo Bank have agreed that the value of the property is $340,000.

Priority of lien: First deed of trust.

Total amount of claim: $404,685 (per proof of claim No. 6)

IMPAIRED

Interest rate: 5.5% fixed

Monthly payment: $1,930.48 (principle and interest)

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be November 1, 2018.

Treatment: The Debtor will pay Wells Fargo Bank $340,000, amortized at 5.5% over 30 years.  WFB will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

The balance of the amount owed by the Debtor to Wells Fargo on its Class 2 claim will be treated as unsecured and paid with the unsecured class.

**RESNIK HAYES**
**MORADI LLP**

**Class 3**

1

2      Secured claim of: Select Portfolio Services (Bank of America and/or Bank of NY

Mellon)

3

4      Property address or description of collateral: 14817 Delano Street, Van Nuys, CA

91402.  This is the Debtor's residential rental property. The property is occupied by Juan

5

6      and Adela Quevado, who pay $1,500 per month, on a month-to-month basis.  The Debtor

values this property at $285,000.

7

8      Priority of lien: First deed of trust.

Total amount of claim: $313,146 (per proof of claim No. 10)

9

10     IMPAIRED

11     Interest rate: 5.25% fixed

Monthly payment: $1,530.00

12

13     First payment date:   Payments pursuant to the Plan of Reorganization will begin on

the first day of the month following the Effective Date, believed to be November 1, 2018.

14

15     Treatment: The Debtor will pay SPS $285,000, amortized at 5.25% over 30 years.

16     SPS will retain its lien until the secured claim is paid in full.  The order closing this case

17     may include this language and may be recorded at the County Recorder's Office by the

Debtor.   No new loan documents will be required, unless required by the lender.

18

19     The Debtor shall receive credit against the total allowed claim for all pre- or post-

20     petition payments not accounted for in the schedules or by the proof of claim, if any, which

21     total shall be decreased accordingly – the holder of this claim shall provide the Debtor or

his counsel with a statement regarding the current balance due as reasonably requested.

22

23     Debtor may satisfy the allowed secured claim by selling or refinancing the

24     collateral, which shall obligate the holder of the claim in this class to reconvey or release

25     its deed of trust or other lien in conjunction with such transaction without further order of

this Court.

26

27     The balance of the amount owed by the Debtor to SPS on its Class 3 claim will be

treated as unsecured and paid with the unsecured class.

28

**RESNIK HAYES
MORADI LLP**

**Class 4**

Secured claim of: Nationstar/US Bank

Property address or description of collateral: 3768 Millbury Ave., Baldwin Park, CA 91706.  This is the Debtor's residential rental property.  The property is occupied by Juan Sanchez and Sylvia Rodriguez, who pay $1,500 per month, on a month-to-month basis.  The Debtor values this property at $308,000 based on an appraisal dated December 3, 2016.

Priority of lien: First deed of trust.

Total amount of claim: $283,669 (per proof of claim No. 7)

IMPAIRED

Interest rate: 5% fixed

Monthly payment: $1,523.00

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be November 1, 2018.

Treatment: The Debtor will pay Nationstar in full amortized at 5% over 30 years. Nationstar will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

**RESNIK HAYES**
**MORADI LLP**

**Class 5**

Secured claim of: Nationstar/US Bank

Property address or description of collateral: 7738 Ben Ave, North Hollywood, CA 91605.  This is the Debtor's residential rental property. The property is occupied by Mason and Rachel Harrison, who pay $1,650 per month.  The Debtor values this property at $315,000 based on an appraisal dated December 3, 2016.

Priority of lien: First deed of trust.

Total amount of claim: $302,036 (per proof of claim No. 5)

IMPAIRED

Interest rate: 5.25% fixed

Monthly payment: $1,621.00

First payment date:   Payments pursuant to the Plan of Reorganization will begin on the first day of the month following the Effective Date, believed to be November 1, 2018.

Treatment: The Debtor will pay Nationstar in full, amortized at 5.25% over 30 years.  Nationstar will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.  If there should be a default, Nationstar shall give the Debtor notice of the default in writing with an email copy to counsel and allow ten (10) days for the Debtor to cure the default.   If the default is not cured, Nationstar shall have relief from the automatic stay without any further court proceeding required and may proceed with its rights under the agreements and state law.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release

its deed of trust or other lien in conjunction with such transaction without further order of this Court.

**Class 6**

Secured claim of: Wells Fargo Bank

Property address or description of collateral: 16920 Maclaren Street, La Puente, CA 91744.  This is residential rental property.  The property is currently vacant but the Debtor believes that he can have it rented for $2,000.  The Debtor believes the cost to remediate the property will be about $20,000.   The Debtor and Wells Fargo Bank have agreed on value of this property of $225,000.

Priority of lien: First deed of trust.

Total amount of claim: $336,592 (per proof of claim No. 11)

IMPAIRED

Interest rate: 5.5% fixed

Monthly payment: $1,349.99

First payment date:   Payments pursuant to the Plan of Reorganization will begin on March 1, 2018 pursuant to the Stipulation.

Treatment: The Debtor will pay WFB $225,000, amortized at 6.0% over 30 years. The Debtor will pay all property insurance and taxes.  WFB will retain its lien until the secured claim is paid in full.  The order closing this case may include this language and may be recorded at the County Recorder's Office by the Debtor.   No new loan documents will be required, unless required by the lender.

The Debtor shall receive credit against the total allowed claim for all pre- or post-petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release

1  its deed of trust or other lien in conjunction with such transaction without further order of
   this Court.

2
3      The balance of the amount owed by the Debtor to WFB its Class 6 claim will be
   treated as unsecured and paid with the unsecured class.

4

5  **Class 7**

6      Secured claim of: PROF-2013-S3 Legal Title Trust IV, by U.S. Bank National

7  Association as Legal Title Trustee ("Fay Servicing").

8      Property address or description of collateral: 16442 Inyo Street, La Puente, CA

9  91744.  This is residential rental property.  The property is currently vacant but the Debtor

10 believes that he can have it rented for $2,350 within a few months.  The Debtor believes

11 the cost to remediate the property will be about $20,000.  The Debtor and Fay Servicing

12 have entered into a Stipulation re Plan Treatment which is attached hereto as **Exhibit "E."**

13 They agreed on a value of this property of $315,000.

14     Priority of lien: First deed of trust.

15     Total amount of claim: $349,805 (per proof of claim No. 8)

16     IMPAIRED

17     Interest rate: 5.5% fixed

18     Monthly payment: $1,789

19     First payment date:   Payments pursuant to the Plan of Reorganization will begin on

20 the first day of the month following the Effective Date, believed to be July 1, 2018.

21     Treatment: The Debtor will pay Fay Servicing $315,000, amortized at 5.5% over 30

22 years.  The Debtor will pay all property insurance and taxes.  The lender will retain its lien

23 until the secured claim is paid in full.  The order closing this case may include this

24 language and may be recorded at the County Recorder's Office by the Debtor.   No new

25 loan documents will be required, unless required by the lender.  The terms of the

26 Stipulation shall be incorporated into the Plan of Reorganization as if set forth in full.

27     The Debtor shall receive credit against the total allowed claim for all pre- or post-

28

**RESNIK HAYES**
**MORADI LLP**

petition payments not accounted for in the schedules or by the proof of claim, if any, which total shall be decreased accordingly – the holder of this claim shall provide the Debtor or his counsel with a statement regarding the current balance due as reasonably requested.

Debtor may satisfy the allowed secured claim by selling or refinancing the collateral, which shall obligate the holder of the claim in this class to reconvey or release its deed of trust or other lien in conjunction with such transaction without further order of this Court.

The balance of the amount owed by the Debtor to the lender on its Class 7 claim will be treated as unsecured and paid with the unsecured class.

**Class 8**

Secured claims of:  Los Angeles County Tax Collector

Property address or description of collateral: Properties located in Los Angeles County

Priority of lien: property taxes

Total amount of claim: $31,790 (per Proof of Claim No. 2)

UNIMPAIRED

Interest rate: per statute

Monthly payment: N/A

First payment date:  N/A

Treatment:  The property taxes on the Debtor's properties in Los Angeles County are current.  He will continue to pay the claims as they come due in the ordinary course. Most if not all of the property taxes are paid from escrow accounts held by the various mortgage companies and or servicers.  If any property taxes are otherwise owed by the Debtor, he will pay those in full in monthly installments plus interest at the governmental rate over a 60 month period beginning with the petition date.

**Class 9**

**RESNIK HAYES
MORADI LLP**

Unsecured Creditors

The Debtor' unsecured creditors total approximately $295,000.  This includes the unsecured portions of the secured claims as follows:  A complete list of the creditors of the estate is attached to the Disclosure Statement as **Exhibit "D."**

| Class 2, Weidner | Wells Fargo Bank | 64,685 |
| Class 3, Delano | SPS | 28,146 |
| Class 6, Maclaren | Wells Fargo Bank | 111,592 |
| Class 7, Inyo | Wells Fargo Bank | 35,000 |
| Total | | 239,423 |

Upon entry of the discharge, the claims of each of the creditors addressed in Classes 2, 3, 6 and 7 shall be reduced to the respective amount detailed in that particular Class' treatment above.  The Order Granting Discharge shall include this language and may be recorded at the County Recorder's Office by the Debtor.

The unsecured class will be paid $48,000 over 48 months beginning on the first day of the 13th month after the Effective Date.

If the Debtor can sell or refinance his home (the Kester property) at any time during the life of the Plan, he will pay the unsecured class any unpaid amount up to $48,000, and seek an early discharge of his debt from the Bankruptcy Court.

**Class 10:** Debtor's Interest

The Debtor will retain his interest in his property.

## F.  MEANS OF PERFORMING THE PLAN

### ii.  Funding for the Plan

The Debtor will fund the Plan from his rental and his employment income.  See the projections and analysis attached to the Disclosure Statement as **Exhibit "B."**

RESNIK HAYES
MORADI LLP

### iii. Management of the Reorganized Debtor

1)      Identity:  The Debtor.

2)      Post-confirmation Managerial duties: The Debtor will continue to manage his affairs.

3)      Amount of compensation paid pre-petition and to be paid post-confirmation: The Debtor reserves the right to modify his living expenses and to invest sufficient funds into his rental properties to ensure the rental properties at least break-even and to invest in necessary goods and operating expenses for his business to break-even and thrive while making his Chapter 11 plan payments.

4)      Description of expertise:  The Debtor ably managed his businesses prior to the national economic depression, credit availability and real estate crises that have impacted his earnings.

### iv. Disbursing Agent

Debtor shall act as the disbursing agent for the purpose of making the distributions to all classes provided for under the Plan.  He shall not be compensated.

### v. Distributions

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank selected by the Disbursing Agent.

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be revested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred.

### E.  TREATMENT OF MISCELLANEOUS ITEMS

### A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**1) Assumptions**

**RESNIK HAYES
MORADI LLP**

The Debtor will assume all of the leases he has with his tenants.  Debtor reserves the right to modify the Plan to designate additional contracts or leases to be assumed or to be rejected at any time prior to the hearing on Confirmation of the Plan.  On the Effective Date, each of the unexpired leases and executory contracts so designated shall be assumed as obligations of the Debtor.  The Confirmation Order shall constitute an Order approving the assumption of each lease and contract.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, or contend that there are arrearages, you must file and serve your objection to the Plan, and set forth the arrearages within the deadline for objecting to the confirmation of the Plan.

**2) Rejections**

Any unexpired lease or executory contract not expressly rejected shall be deemed assumed as of the Effective Date.  The Debtor reserves the right to modify the Plan to designate certain contracts or leases for rejection at any time prior to the hearing on confirmation of the Plan.

The order confirming the Plan shall constitute an order approving the rejection of such leases and contracts.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY DAYS AFTER THE EFFECTIVE DATE.  Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B) <u>REGULATORY COMMISSION APPROVAL</u>**

Not applicable, Debtor is an individual.

**C) <u>RETENTION OF JURISDICTION.</u>**

The Court will retain jurisdiction over this bankruptcy case until a final decree is

**RESNIK HAYES
MORADI LLP**

entered by the Court. It is estimated that the final decree will be entered approximately six (6) months after the Plan is confirmed by the Court. At that time the bankruptcy case will be closed.

## F.  EFFECT OF CONFIRMATION OF PLAN

### 1.  DISCHARGE

Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. However, any liability imposed by the Plan will not be discharged.

### 2.  REVESTING OF PROPERTY IN DEBTOR

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

From and after the Effective Date, the Debtor may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and are free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date as fully as if the Debtor's bankruptcy case had not been commenced; and all of the Debtor's legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the Effective Date.

### 3.  MODIFICATION OF PLAN

Debtor may modify the Plan pursuant to 11 U.S.C. §1127.

**RESNIK HAYES**
**MORADI LLP**

## 4. **DEFAULT**

As those claimants whose claims are not agreed upon by the parties (i.e., memorialized in a plan treatment stipulation), if Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than twenty-one (21) days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default.  Debtor is in material default under the Plan if he fails within twenty-one (21) days of the service of such notice of default, plus three (3) additional days if served by mail, either; (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

## 5. **POST-CONFIRMATION STATUS REPORT**

Pursuant to Local Bankruptcy Rule 3020, within one hundred and twenty (120) days following the entry of the Plan Confirmation Order, a reorganized debtor is to file a status report with the Court explaining what progress has been made toward consummation of a confirmed plan.

Debtor shall do so *unless* the Court sets a post confirmation status conference, at which point he will instead file a post confirmation status report (which contains all the information required by LBR 3020) by the deadline set by the Court, or at least fourteen [14] days prior to the hearing if no deadline is specified.

## 6. **QUARTERLY FEES**

Reorganized Debtor shall be responsible for the timely payment of all fees incurred after the Effective Date pursuant to 28 U.S.C. § 1930(a)(6).

## 7. **POST-CONFIRMATION EMPLOYMENT**

After the entry of the order of confirmation of the Plan, Reorganized Debtor may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys,

**RESNIK HAYES
MORADI LLP**

accountants, and other professionals (the "Post-confirmation Professionals") as he may desire to render services on such terms as he deems reasonable.  With respect to services rendered by the Post-confirmation Professionals, Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

## 8.  **POST-CONFIRMATION CONVERSION/DISMISSAL**

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances.  The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within one hundred and eighty (180) days after the entry of the order of confirmation.

## 9.  **FINAL DECREE**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, Reorganized Debtor shall file a motion with the Court to obtain a final decree to close this case.

Dated:  July 20, 2018          By:            SEE NEXT PAGE

_____
Samuel James Esworthy
**Debtor and Plan Proponent**

Dated:  July 20, 2018          By:        **/s/ M. Jonathan Hayes**
_____
M. Jonathan Hayes
**Attorneys for Plan Proponent**

RESNIK HAYES
MORADI LLP

accountants, and other professionals (the "Post-confirmation Professionals") as he may desire to render services on such terms as he deems reasonable. With respect to services rendered by the Post-confirmation Professionals, Reorganized Debtor shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

## 8. **POST-CONFIRMATION CONVERSION/DISMISSAL**

A creditor or party in interest may bring a motion to convert or dismiss the case under §1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within one hundred and eighty (180) days after the entry of the order of confirmation.

## 9. **FINAL DECREE**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, Reorganized Debtor shall file a motion with the Court to obtain a final decree to close this case.

Dated: July 20, 2018          By:      _Samuel James Esworthy_
                                        Samuel James Esworthy
                                        *Debtor and Plan Proponent*

Dated: July 20, 2018          By:      **/s/ M. Jonathan Hayes**
                                        M. Jonathan Hayes
                                        *Attorneys for Plan Proponent*

SIMON RESNIK
HAYES LLP

# EXHIBIT E

1   CHRISTOPHER M. MCDERMOTT (SBN 253411)
    cmcdermott@aldridgepite.com
2   TODD S. GARAN (CA SBN 236878)
    tgaran@aldridgepite.com
3   **ALDRIDGE PITE, LLP**
    4375 Jutland Dr., Ste. 200
4   P.O. Box 19734
    San Diego, CA 92177-9734
5   Telephone: (858) 750-7600
    Facsimile:  (619) 590-1385
6
    Attorneys for Secured Creditor:
7   PROF-2013-S3 Legal Title Trust IV
    by U.S. Bank National Association, as Legal Title Trustee
8   (as successor in interest to Wells Fargo Bank, N.A.)

9                    **UNITED STATES BANKRUPTCY COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

11

12  | In re | Case No. 1:16-bk-11985-MT |
    |---|---|
13  | SAMUEL JAMES ESWORTHY, | Chapter  11 |
14  | Debtor and Debtor in Possession. | **STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |

**Subject Property**:
*16442 Inyo Street*
*La Puente, CA  91744*

**Continued Confirmation Hearing Date**
Date:       November 29, 2017
Time:       9:30 a.m.
Rm:         302
            21041 Burbank Blvd.
            Woodland Hills, CA 91364
Judge:      Hon. Maureen Tighe

23          This Stipulation Re: Treatment of Creditor's Claim ("**Stipulation**") is entered into by and

24  between Secured Creditor, PROF-2013-S3 Legal Title Trust IV, by U.S. Bank National Association,

25  as Legal Title Trustee (as successor in interest to Wells Fargo Bank, N.A.); Fay Servicing, LLC. as

26  servicer ("**Creditor**"), and Debtor, Samuel James Esworthy (the "**Debtor**"), by and through their

27  respective attorneys of record.

28          The real property which is the subject of this matter is commonly known as 16442 Inyo

---

Claim Treatment Stipulation.v.1                                              Page - 1 -

1  Street, La Puente, CA 91744 (hereinafter the "**Subject Property**"), which is more fully described in

2  the Deed of Trust attached hereto as Exhibit B and incorporated herein by this reference.

3  *The Claim*:

4      The Loan is evidenced by a promissory note dated December 12, 2007, executed by Debtor

5  to Worlds Savings Bank, FSB ("**Lender**") in the principal sum of $287,000.00 (the "**Note**"), which

6  was made A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by this

7  reference.

8      The Note is secured by a deed of trust (the "**Deed of Trust**") encumbering the Subject

9  Property. The Deed of Trust was duly recorded on December 17, 2007, in the Official Records of

10 Los Angeles County, State of California.  The Deed of Trust contains an Assignment of Rents

11 provision.  The Note and Deed of Trust may be referred to collectively herein as the "**Loan**."

12     Effective December 31, 2007, Lender's charter and bylaws were amended to change its name

13 to Wachovia Mortgage, FSB.  Further, effective November 1, 2009, Wachovia Mortgage FSB

14 converted to a national bank with the name Wells Fargo Bank Southwest, National Association.

15 Additionally, effective November 1, 2009, Wells Fargo Bank Southwest, National Association

16 merged with Wells Fargo Bank, National Association. (*See, POC 8*).  Subsequently, all of Lender's

17 interest in the Loan was assigned and transferred to Creditor.  The Note is endorsed in blank.

18 *Debtor's Bankruptcy Proceedings*:

19     On July 7, 2016, Debtor filed the instant bankruptcy petition under Chapter 11 of the

20 Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California – San Fernando

21 Valley Division, and was assigned Case No. 1:16-bk-11985-MT.

22     Wells Fargo Bank, N.A. filed a Proof of Claim against the Debtor's estate in the amount of

23 $349,805.08, secured by the Subject Property with $84,587.25 in pre-petition arrears.  A copy of

24 Wells Fargo's Proof of Claim may be found at this Court's Claims register as Claim Number 8.  On

25 August 28, 2017, Creditor filed its Transfer of Claim.  *See, Docket Number 197*.

26     On or about January 16, 2017, Debtor filed the Motion seeking to value the Subject Property

27 at $225,000.00.  *See, Docket Number 93.*

28     On February 15, 2017, Creditor filed an Opposition to Debtor's Motion to Value asserting a

1    value of $330,000.00. *See, Docket Number 116.*

2        On April 26, 2017, the continued hearing on Debtor's Motion to Value was held, and the

3    parties resolved said Motion to Value at $315,000, by stipulation on the record.  However, to date,

4    no Order on the Motion to Value has been entered.

5        On February 8, 2017, Debtor filed his Chapter 11 Disclosure Statement ("**Disclosure**

6    **Statement**") and on February 14, 2017, his Chapter 11 Plan ("**Plan**"). *See, Docket Numbers 108*

7    *and 114, respectively.*  Creditor's claim is identified as a Class 7 Impaired Secured Claim of Wells

8    Fargo Bank.

9        On July 21, 2017, Creditor filed an Objection ("**Objection**") to Debtor's Plan. *See, Docket*

10   *Number 187.*  On September 1, 2017, Creditor filed its Supplemental Objection ("**Sup Objection**")

11   to Debtor's Plan. *See, Docket Number 204.*

12       The hearing on Confirmation of Debtor's Chapter 11 Plan has been continued to November

13   29, 2017 at 9:30 a.m. in the above entitled Court. *See, Docket Number 207.*

14       On August 31, 2017, Creditor filed a Motion for Relief from the Automatic Stay ("**Motion**

15   **for Relief**") with respect to the Subject Property, which is currently scheduled for hearing on

16   September 27, 2018 at 11:00 a.m. in the above entitled Court. *See, Docket Number 200.*

17   **THE PARTIES STIPULATE AS FOLLOWS**:

18       1.    <u>Valuation of Subject Property</u>.  The parties agree that the value of the Subject

19   Property for purposes of this Stipulation and Debtor's Chapter 11 Plan, which shall be $315,000.00.

20   Debtor shall be required to file an order on his Motion to Value the Subject Property consistent with

21   this Stipulation.

22       2.    <u>Secured Claim</u>.  Creditor (its successors or assigns) shall have a fully secured claim in

23   the amount of **$315,000.00** to be amortized over 30 years at a fixed interest rate of 5.5% per annum

24   (the "**Secured Claim**").

25       3.    <u>Unsecured Claim</u>.    Creditor shall have an unsecured claim in the amount of

26   $41,724.04, plus Creditor's post-petition attorneys' fees and costs associated with Debtor's case (the

27   "**Unsecured Claim**").  Creditor shall receive, in full and final satisfaction of its Unsecured Claim, its

28   pro rata share of the dividend issued to general unsecured creditors under Debtor's Chapter 11 Plan,

as amended

    4.   <u>Payments on Secured Claim</u>.  Debtor shall tender regular monthly principal and interest payments to Creditor (and/or its servicer) in the amount of $1,788.54, commencing on the first day of the first month following entry of an Order Confirming Debtor's Chapter 11 Plan, or on the first day of the first month in which Debtor is able to rent the Subject Property, which ever occurs first ("**Payment Start Date**").    Payments on the Secured Claim shall commence on the Payment Start Date and continue on the first day of each month thereafter for a period of 359 months when all outstanding amounts owed on the Secured Claim, including any escrow payments and/or charges as required per the terms and provisions of this Stipulation and/or the Loan are to be paid in full ("**Maturity Date**").

    5.   <u>Payment of Property Taxes and Insurance</u>.  **Effective immediately**, Debtor is required to pay any and all property taxes for the Subject Property when due and obtain and maintain real property insurance for the Subject Property that is also in accordance with any requirements set forth in the Deed of Trust.  Debtor agrees to provide Creditor (and/or its servicer) proof of said insurance within 5 business days of executing this Stipulation, and upon reasonable request to verify compliance with this Stipulation.  In the event Debtor fails to timely pay any property taxes or maintain insurance as required hereunder, then Creditor (and/or its servicer) may, in accordance with the Loan documents and applicable non-bankruptcy law, and its sole discretion: 1) pay the property taxes and/or obtain insurance for the Subject Property and thereafter require Debtor to tender monthly escrow payments to reimburse Creditor (and/or its servicer) for any and all real property taxes and/or insurance advances made by Creditor (and/or its servicer) for the Subject Property; and/or 2) treat any such failure to pay the property taxes when due and/or maintain insurance for the Subject Property as required hereunder a default of this Stipulation.  In the event Creditor (and/or its servicer) requires Debtor to tender escrow payments for property taxes and/or insurance as required hereunder, Debtor shall tender such escrow payments on the first day of each month thereafter along with the regular monthly payment required by paragraph 4 of this Stipulation until the Maturity Date under the Loan at which time the Secured Claim and any outstanding escrow advances are to be paid in full.

6.      <u>Pre-Confirmation Default</u>:  In the event of any default on any of the provisions of this Stipulation prior to confirmation of Debtor's Chapter 11 Plan, Creditor (and/or its servicer) shall provide written notice, via certified mail, to Debtor at the Subject Property and to Debtor's attorney of record, indicating the nature of default.  If Debtor fails to cure the default, or payment default with certified funds after the passage of fifteen (15) calendar days from the date said written notice is placed in the mail as reflected on the certified receipt, Creditor may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order Terminating the Automatic Stay, which the Court may grant without further notice or hearing, and Creditor (and/or its servicer) may commence any and all action necessary to obtain complete possession of the Subject Property under the terms of the Loan and applicable state law, including but not limited to foreclosure thereof, without further notice, order, or proceeding of this Court.  In the event that Creditor is granted relief from the Automatic Stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7.      <u>Post-Confirmation Default</u>.  Upon confirmation of Debtor's Chapter 11 Plan, the Automatic Stay shall be deemed terminated in all respects as to Debtor and Debtor's estate, and Creditor will no longer be required to comply with paragraph 6 above in the event of default. Instead, Creditor (and/or its servicer) will provide Debtor notice of any default related to the Stipulation in accordance with the Loan, and applicable state law and/or proceed with its remedies under the terms of the Loan and applicable state law, including but not limited to foreclosure of the Subject Property, without further notice, order, or proceeding of this Court.

8.      Any forbearance by Creditor (and/or its servicer) in exercising any right or remedy, including, without limitation, Creditor (and/or its servicer) accepting payments from third persons, entities or successors in interest to Debtor, or in amounts less than the amount due, including as provided for under this Stipulation, shall not be a waiver of or preclude the Creditor's (and/or servicer) exercise of any right or remedy, or act as a waiver of Creditor's right to proceed hereunder or under the Loan.

9.      In the event the Debtor defaults under this Stipulation and Creditor (and/or its servicer) forwards a default letter to Debtor, Debtor shall be required to tender Creditor's reasonable

1  attorneys' fees and costs for each default letter submitted, in addition to the default amount stated

2  therein, in order to cure the default. Any notice of default that Creditor (and/or its servicer) provides

3  Debtor and/or Debtor's attorneys pursuant to this Stipulation shall not be construed as a

4  communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

5        10.    Except as otherwise expressly provided for herein, all remaining terms of the Loan,

6  which are incorporated herein by this reference, shall govern the treatment of Creditor's Secured

7  Claim.

8        11.    Except as expressly provided herein, the Debtor waives any and all claims, causes of

9  action, whether known or unknown, he currently has against Creditor, and its respective agents,

10 parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent holders of the Loan,

11 successors and assigns in relation to the Loan referenced herein and any and all agreements which

12 exist between them regarding or relating to the Loan prior to the date of this Stipulation. This waiver

13 includes Debtor's right to object to Creditor's Claim. The Debtor also releases Creditor and its

14 respective agents, parents, affiliates, subsidiaries, attorneys, predecessors, current and subsequent

15 holders of the Loan, successors and assigns from any liability in relation to the Loan prior to the date

16 of this Stipulation.

17       12.    In the event the Debtor seeks to sell the Subject Property at anytime prior to

18 confirming his Chapter 11 Plan, or if Debtor seeks to sell the Subject Property through his Chapter

19 11 Plan, Creditor shall be entitled to credit bid at any such sale in an amount not less than the full

20 unmodified, original outstanding balance owing under the terms of the Loan and/or exercise any of

21 its rights pursuant to 11 U.S.C. §§ 363(b), (f), (k) or 1129(b)(2)(A)(ii) as applicable, and shall be

22 permitted to receive proceeds from the sale of the Subject Property in an amount not less than the

23 full unmodified, original outstanding balance owing under the terms of the Loan at said time.

24       13.    In the event the Debtor asserts that Creditor has failed to properly update its internal

25 system to comply with the terms of this Stipulation within a reasonable period of time after an order

26 is entered confirming the Debtor's Chapter 11 Plan of Reorganization, which shall be not less than

27 ninety (90) days, the Debtor shall be required to provide written notice of the alleged lack of

28 compliance to Creditor and Creditor's counsel of record, currently, Aldridge Pite, LLP at 4375

Jutland Drive, Suite 200, San Diego, CA 92117, indicting the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtor's allegation after the passage of ninety (90) days from the date Creditor receives said written notice (the "**Meet and Confer Period**"), Debtor may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance.

14.    Debtor shall be required to attach a copy of this Stipulation and any order thereon as an exhibit to any Chapter 11 Plan filed in this case, including any modifications or amendments thereto, and said Plan (including any modification and/or amendments thereto) shall expressly and fully incorporate by reference the terms and provisions of this Stipulation. In the event the Court does not require Debtor to file an Amended Plan subsequent to this Stipulation and prior to Confirmation of the Plan, then Debtor shall be required to attach a copy of the Stipulation (without internal exhibits) to the Confirmation Order as an Exhibit and incorporate the same by reference. In the event of a conflict between a provision of Debtor's Plan and this Stipulation, the Stipulation shall control. Further, the terms and provisions of this Stipulation may not be modified, altered, or changed by the Chapter 11 Plan, any subsequently filed amended or modified Chapter 11 Plan of Reorganization and/or confirmation order on the foregoing without the express written consent of the Creditor by way of a subsequent stipulation filed with and approved by the Court.

15.    In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full, unmodified pre-confirmation amount due under the Loan, less any payments received to such date and the Automatic Stay shall be terminated without further notice, order or proceeding of the Court.

16.    In exchange for the forgoing, and upon the Court's approval of this Stipulation, Creditor's Objection [*Docket Number 187*] and its Sup Objection [*Docket Number 204*] shall be deemed withdrawn, subject to the terms and provisions of the Stipulation, and Creditor shall provide a ballot voting in favor of the Debtor's Chapter 11 Plan of Reorganization for the Secured Claim and Unsecured Claims.

/././

/././

1 | /.../

2 | 17. The parties also agree that upon entry of the Court's order approving this Stipulation,

3 | Creditor's Motion for Relief [*Docket Number 201*], shall be deemed resolved, and Creditor will file

4 | a Notice of Withdrawal.

5 |

6 | Dated: _____, 2017                    SIMON RESIK HAYES, LLP.

7 |

8 | By: _____
          Roksana D. Moradi

9 |          M. Jonathan Hayes
            Attorneys for Debtor

10 |

11 | Dated: 9/21/___, 2017                    ALDRIDGE PITE, LLP

12 |

13 | By: _____
          Todd S. Garan

14 |          Attorneys for Creditor

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Claim Treatment Stipulation.v.1                                        Page - 8 -

/././

17.     The parties also agree that upon entry of the Court's order approving this Stipulation, Creditor's Motion for Relief [*Docket Number 201*], shall be deemed resolved, and Creditor will file a Notice of Withdrawal.

Dated: ___9/21___, 2017          SIMON RESIK HAYES, LLP.

By: _____
      Roksana D. Moradi
      M/Jonathan Hayes
      Attorneys for Debtor

Dated: _____, 2017          ALDRIDGE PITE, LLP

By: _____
      Todd S. Garan
      Attorneys for Creditor

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled **DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **7/20/2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page.

- **Katherine Bunker      kate.bunker@usdoj.gov**
- **Theron S Covey      tcovey@rasflaw.com, CAECF@tblaw.com**
- **Oscar Estrada      oestrada@ttc.lacounty.gov**
- **Dane W Exnowski      dane.exnowski@mcalla.com, bk.ca@mcalla.com**
- **Todd S Garan      ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com**
- **Michelle R Ghidotti      ECFNotifications@ghidottilaw.com**
- **M. Jonathan Hayes      jhayes@rhmfirm.com, 3039.3@notices.nextchapterbk.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;ma**
- **John Rafferty      john.rafferty@bonialpc.com**
- **Kelly M Raftery      bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com**
- **Cassandra J Richey      cmartin@pralc.com**
- **Brett P Ryan      ziggy.valerio@unifyfcu.com**
- **John D Schlotter      john.schlotter@mrpllc.com**
- **Najah J Shariff      najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov**
- **Diana Torres-Brito      ecfcca@ecf.courtdrive.com;dtorres-brito@pralc.com**
- **Edward A Treder      cdcaecf@bdfgroup.com**
- **United States Trustee (SV)      ustpregion16.wh.ecf@usdoj.gov**
- **Jennifer C Wong      bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com**

**II.  SERVED BY U.S. MAIL:** On **7/20/2018** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**RESNIK HAYES MORADI LLP**

1 │ Hon. Maureen A. Tighe

2 │ U.S. Bankruptcy Court                          Jim Esworthy
   │ 21041 Burbank Blvd., Suite 324                8526 Kester Ave.

3 │ Woodland Hills, CA 91367                       Panorama City, CA 91402

4 │ **III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE
   │ TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant

5 │ to F.R.Civ.P. 5 and/or controlling LBR, on **7/20/2018** I served the following person(s) and/or
   │ entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing

6 │ to such service method), by facsimile transmission and/or email as follows.  Listing the judge
   │ here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later

7 │ than 24 hours after the document is filed.

8 │ ☐  Service information continued on attached page

9 │ I declare under penalty of perjury under the laws of the United States of America that the
   │ foregoing is true and correct.

10 │

    │  **7/20/2018**              **Ja'Nita Fisher**              **/s/ Ja'Nita Fisher**
11 │  *Date*                      *Type Name*                     *Signature*

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

**RESNIK HAYES
MORADI  LLP**