DANE W. EXNOWSKI, #281996
McCalla Raymer Leibert Pierce, LLP
301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802
Telephone: 562-661-5060
Fax: 562-983-5365
BK.CA@mccalla.com

Attorneys for Secured Creditor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

In re

Samuel James Esworthy,

    Debtor.

Bankruptcy Case No. 1:16-bk-11985-MT

Chapter 11

**STIPULATION RE: CHAPTER 11 PLAN TREATMENT**

<u>Confirmation Hearing</u>:
Date: 12/12/2018
Time: 9:30 A.M.
Place: Courtroom 302

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR AND DEBTOR-IN-POSSESSION, COUNSEL FOR DEBTOR-IN-POSSESSION, AND ANY OTHER INTERESTED PARTIES:

  Wells Fargo Bank, N.A. ("Secured Creditor") and Samuel James Esworthy, Debtor and Debtor-in Possession, ("Debtor") by and through their respective attorneys of record, hereby stipulate as follows:

  **IT IS HEREBY STIPULATED:**

  1. Secured Creditor holds a note dated 12/12/2007 made by Samuel J Esworthy in the original principal amount of $292,500 that is secured by a first priority deed of trust on the real property commonly described as 18343 Renault St, La Puente, CA 91744 (the "Property"), document recording number 2007-2760460.

STIPULATION RE: CH 11 PLAN TREATMENT      1

2. With respect to the above mentioned note and deed of trust, Secured Creditor filed its secured proof of claim as claim number 3-1 in the amount of $356,724.04 as of the date of the petition (the "Claim").

3. The parties hereto agree that Secured Creditor's Claim shall be modified as follows: Secured Creditor shall have a secured claim against the Property in the amount of $357,000 (the "Secured Claim"). The Secured Claim shall be amortized over 360 months at a fixed rate of interest at 6.0% per annum via equal monthly principal and interest payments in the amount of $2,140.40 each. Debtor will commence the foregoing monthly payments to Secured Creditor on December 1, 2018 and shall continue thereafter on the first of each month in accordance with the terms herein for 360 months. The maturity date is November 1, 2048 and maturity, including the effect thereof, remains governed by the subject note and security instrument and is otherwise unmodified. The foregoing payments must be received within any grace period as provided by the note and any effect of late payment is governed by the subject note and security instrument.

4. <u>Property Taxes and Insurance.</u> The Claim shall remain escrowed for payment of property taxes and insurance and the note and/or deed of trust provisions governing the same shall remain in full force and effect. The amount of escrow is subject to change and shall be in addition to the payments described in section 3, above.

5. <u>Pre-confirmation Default</u>: In the event of any default on any of the provisions of this Stipulation prior to confirmation of Debtor's Plan, Secured Creditor shall provide written notice, via U.S. Mail, to Debtor at his address of record on the docket of the above-entitled and numbered case, and to Debtor's attorneys of record, indicating the nature of default. If Debtor fails to cure the default after the passage of fifteen (15) calendar days from the date said written notice, then Secured Creditor may file and serve a declaration regarding noncompliance and lodge an order terminating the automatic stay, which may be entered without further notice or hearing and which shall waive Bankruptcy Rule 4001(a)(3) to the extent it is applicable. Upon the entry of such order, the automatic stay shall terminate, unless it has already been terminated by operation of law, and Secured Creditor may commence any and all action necessary to obtain complete possession of the Property under the terms of the Note and Deed of Trust, and applicable state law, including but not limited to, foreclosure thereof, without further notice, order,

or proceeding of this Court. The commencement, continuation, or completion of any and all non-judicial foreclosure activity or remedies shall be governed by the original, pre-stipulation, unmodified terms of the subject note and deed of trust unless and until an order confirming Debtor's Plan is entered prior thereto.

6. <u>Post-confirmation Default:</u> Upon confirmation of Debtor's Plan, Secured Creditor will no longer have to comply with paragraph five (5), above. Instead, Secured Creditor may provide Debtor notice of any default related to the Stipulation or otherwise under the subject note or security instrument in accordance with the Note and Deed of Trust, and applicable state law, and/or proceed with all its remedies under the terms of the Note and Deed of Trust, and applicable state and federal law, including but not limited to foreclosure of the subject property, without further notice, order, or proceeding of this Court; the stay of 11 U.S.C. § 362(a) shall be terminated in its entirety as to Secured Creditor and the Property upon confirmation.

7. The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed hereunder.

8. Except as otherwise expressly provided herein, all remaining terms of the subject note and deed of trust shall govern the treatment of Secured Creditor's Secured Claim and shall remain unchanged and unmodified.

9. At the request of Secured Creditor, the Debtor shall execute such documents and instruments as are necessary with respect to this stipulation.

10. In exchange for the foregoing, this Stipulation shall constitute a ballot voting in favor of the Debtor's Plan of Reorganization or any subsequently filed Amended Chapter 11 Plan that incorporates the terms herein.

11. The terms of this Stipulation may not be modified, altered, or changed by the Debtor's Chapter 11 Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan and confirmation order thereon without Secured Creditor's express written consent. The terms of this stipulation shall be incorporated into the Debtor's Chapter 11 Plan and/or any subsequently filed Amended Chapter 11 Plan. In the event of a conflict between a provision of this Stipulation and any provision of Debtor's Chapter 11 Plan or any amendments of modifications thereto, the terms of this

Stipulation shall control.  To the extent necessary, the terms of this stipulation shall be automatically incorporated into any plan or amended plan.

12.    In the event the case is dismissed or converted to chapter 7, Secured Creditor shall retain its lien as provided for under the terms of the original note and deed of trust and the and modification provided hereby shall be deemed void.

**SO STIPULATED:**

Dated: 10-18-18                                                    Dated: 10/19/2018

_/s/ M Jonathan Hayes_                                        _/s/ Dane W. Exnowski_

M Johnathan Hayes                                              Dane W. Exnowski

Attorney for Debtor and Debtor-Possession    Attorney for Secured Creditor

STIPULATION RE: CH 11 PLAN TREATMENT                    4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**301 E. Ocean Blvd., Suite 1720
Long Beach, CA 90802**

A true and correct copy of the document entitled (*specify*): **STIPULATION RE: CHAPTER 11 PLAN TREATMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/30/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*U.S. Trustee*
ustpregion16.wh.ecf@usdoj.gov

*Debtor's Attorney*
**M Jonathan Hayes**
jhayes@rhmfirm.com

☐   Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:  On (*date*) **10/30/2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*U.S. Bankruptcy Court Judge*
**Honorable Maureen A. Tighe**
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

*Debtor*
**Samuel James Esworthy**
8526 Kester Avenue
Panorama City, CA 91402

☒   Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **10/30/2018** | **Irene Saucedo** | */s/Irene Saucedo* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

PrfSrv_CAC_X14                                                                                                                                                        6509-N-0629
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                              **F 9013-3.1.PROOF.SERVICE**

**CONTINUATION SHEET**
(*Continued from Proof of Service Document*)

.

*Creditor*
Bank of America
c/o Managing or Servicing Agent
P.O. Box 515503
Los Angeles, CA 90051

*Creditor (**via Certified mail**)*
Bank of America, N.A.
Brian T. Moynihan, CEO
100 North Tryon St
Charlotte, NC 28202

*Creditor*
Caine & Weiner
c/o Managing or Servicing Agent
PO Box 5010
Woodland Hills, CA 91365

*Creditor (**via Certified mail**)*
Caine & Weiner Company, Inc
Greg A Cohen
21210 Erwin St
Woodland Hills, VA 91367

*Creditor (**via Certified mail**)*
Chase
Attn: Correspondence Dept
c/o Managing or Servicing Agent
PO Box 15298
Wilmington, DE 19850

*Creditor*
Dell Financial Services
c/o Managing or Servicing Agent
PO Box 4125
Carol Stream, IL 60197

*Creditor (**via Certified mail**)*
JP Morgan Chase Bank
James Dimon, CEO
1111 Polaris Parkway
Columbus, OH 43240

*Creditor*
Discover Financial
c/o Managing or Servicing Agent
PO Box 3025
New Albany, OH 43054

*Creditor (**via Certified mail**)*
Discover Bank
David W. Nelms, CEO
502 E. Market Street
Greenwood, DE 19950

*Creditor*
Internal Revenue Service
c/o Managing or Servicing Agent
PO Box 7346
Philadelphia, PA 19101-7346

*Creditor*
Select Portfolio Servicing, Inc
c/o Managing or Servicing Agent
PO Box 65250
Salt Late City, UT 84165

*Creditor (**via Certified mail**)*
Select Portfolio Servicing, Inc.
Matt Hollingsworth, CEO
P.O. Box 65250
Salt Lake City, UT 84165-0250

*Creditor*
Aldridge Pite, LLP
Todd S. Garan
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

PrfSrv_CAC_X14
7879-N-8333

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                                                                                                    **F 4001-1.RFS.RP.MOTION**