M. Jonathan Hayes (Bar No. 90388)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
jhayes@rhmfirm.com

*Attorneys for Debtor*
Samuel James Esworthy

FILED & ENTERED

JAN 18 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>SAMUEL JAMES ESWORTHY,<br><br>Debtor. | Case No. 1:16-bk-11985-MT<br><br>Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION**<br><br>*Confirmation Hearing*<br>Date: December 12, 2018<br>Time: 9:30 a.m.<br>Place: Courtroom 302<br>          21041 Burbank Boulevard<br>          Woodland Hills, CA 91367 |

The hearing on confirmation of the Third Amended Chapter 11 Plan of Reorganization (hereinafter the "Plan")[Docket No. 268] of Debtor and Debtor-in-Possession, Samuel James Esworthy (the "Debtor"), took place on December 12, 2018, before the Honorable Maureen Tighe, United States Bankruptcy Judge. *Appearances are noted on the record.*

Upon consideration of Debtor's *Plan Confirmation Brief* (Docket No. 297), two Objections to the Plan from U.S. Bank National Assn, secured creditor on the Debtor's Ben Ave rental property (Class 5) and U.S. Bank National Assn secured creditor on the

Millbury Ave rental property (Class 4), and there being Plan Treatment Stipulations with Fay Servicing on the Inyo rental property, Bank of New York Mellon on the Delano property, and three Plan Stipulations with Wells Fargo Bank on properties at MacLaren, Weidner and Renault, the declarations and evidence submitted with the Plan Confirmation Brief in connection therewith; the record in Debtor's Chapter 11 case; after colloquy between counsel and the Court at the hearing, the oral clarifications set forth on the record at the hearing, for the reasons stated by the Court on the record and good cause appearing therefore, the Court finds:

1. That the requirements for confirmation set forth in 11 U.S.C. §1129(a) have been satisfied;

2. That the Plan complies with the applicable provisions of Chapter 11 of the Code;

3. That the Debtor, as proponent of the Plan, has complied with the applicable provisions of the Code;

4. That the Plan has been proposed in good faith and not by any means forbidden by law;

5. That any payment made or promised by Debtor for services or for costs and expenses in, or in connection with the case or in connection with the Plan and incident to the case, have been disclosed to the Court; and

6. Any such payment made before confirmation of the Plan is reasonable or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

7. That with respect to each class, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were to liquidate under Chapter 7;

8. That with respect to each class, such class has accepted the Plan or such class is not impaired under the Plan;

9. That as to any class that has not accepted the Plan and is impaired, all the elements of §1129(b) have been met;

10. That, except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to claim of a kind specified in §507(a)(1) of the Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim or has agreed to treatment otherwise;

11. That at least one class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding an claim of such class; and

12. That confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

IT IS ORDERED that:

1. The Plan filed by the Debtor is hereby **CONFIRMED** and **APPROVED** by this Court, subject to the minor modifications to the treatment of the Classes 4 and 5 as set forth herein.

2. Paragraph 4 of the Plan entitled "Default" under the Section "Effect of Confirmation of the Plan" (Designated "F" in the Plan), is clarified to provide that if a default occurs before this case has been closed, the creditor shall file a Declaration re Default with the Court, and if the default has not been cured within ten days after that filing, the creditor may proceed without the need to obtain relief from stay or further order of the court. If the case has been closed, the creditor may proceed pursuant to its rights under non-bankruptcy law.

3. As to Class 4 and 5, the Debtor shall timely pay all property taxes directly to the County of Los Angeles and maintain the insurance required under the loan documents.

4. As to Class 4, this Order confirms that the total balance owed by the Debtor to Nationstar is $316,796.96 as of December 13, 2018. Based on that amount of claim, the amount of the monthly payment to Nationstar shall be $1,700.63.

5. As to Class 5, the amount of the monthly payment to the Class 5 creditor shall be $1,677.85. Also as to Class 5, the Default remedies contained in Class 5, beginning on line 26 of page 13 of the Plan, shall control. The Class 5 Creditor shall not be required to comply with the default provisions contained in Section F.4 of the Plan.

6. Upon the substantial consummation of the Plan, Debtor shall file an application for a final decree as required by Federal Rule of Bankruptcy Procedure 3022;

7. The Court will retain jurisdiction over this bankruptcy case until a final decree is entered by the Court;

8. Consistent with the provisions of the Plan, the effective date of the Plan shall be the first day that is fourteen (14) calendar days following the entry of this Order, with Plan payments starting on the first day of the following month, unless otherwise agreed to by the parties and approved by the Court;

9. Costs owing by the Debtor to the Court Clerk, if any, shall be paid forthwith if not already paid. Fees owing to the Office of the United States Trustee, if any, will be paid until the issuance of the final decree;

10. A Post Confirmation Status Conference will take place on June 26, 2019 at 10:00 a.m.; and

11. Not later than June 14, 2019, Debtor must file a post confirmation status hearing explaining what progress has been made toward consummation of the confirmed Plan. The post confirmation status report shall be filed with the Court and served on the United States Trustee, all secured creditors, the twenty (20) largest unsecured creditors, and those parties who have requested special notice. The post confirmation status report

must comply with the provisions of Local Bankruptcy Rule 3020-1(b), be supported by evidence, and contain at least the following information:

    a)     A schedule listing for each debt and each class of claims; the total amount required to be paid under the Plan; the amount required to be paid as of the date of the post confirmation status report; the amount actually paid as of the date of the post confirmation status report; and the deficiency, if any, in required payments;

    b)     A schedule of any and all postconfirmation tax liabilities that have accrued or come due, and a detailed explanation of payments thereon;

    c)     Reorganized Debtor's projections as to his continuing ability to comply with the terms of the Plan;

    d)     An estimate of the date for Plan consummation and application for final decree; and

    e)     Any other pertinent information needed to explain the progress toward completion of the confirmed Plan.

###

Date: January 18, 2019

Maureen A. Tighe
United States Bankruptcy Judge

1  Dated: January 15, 2019                    **PROBER & RAPHAEL**

2
                                              By: _____
3                                                  **Diana Torres-Brito**
                                                   *Attorneys for Creditor*
4                                                  *Nationstar (Class 4)*

5  Dated: January 15, 2019                    **Robertson, Anschutz & Schneid, P.L.**

6
                                              By: _____
7                                                  **Theron S. Covey**
                                                   *Attorney for Creditor*
8                                                  *Nationstar (Class 5)*